## No. 3346

### Second Circuit

---

## INDUSTRIAL ACCEPTANCE CORP. v. HODGE

---

(December 19, 1928. Opinion and Decree.)

---

O. A. Easterling, of Monroe, attorney for plaintiff, appellant.

Smith & McGregor, of Rayville, attorneys for defendant, appellee.

WEBB, J. The plaintiff, Industrial Acceptance Corporation, holder and owner of a promissory note drawn by defendant, T. R. Hodge and secured by a chattel mortgage on an automobile, foreclosed, via executiva, and, after crediting the price at which the automobile was sold, less cost of foreclosure, instituted the present suit to recover the balance remaining due on the note, to which suit the defendant, in substance, pleaded that the foreclosure proceedings were had under an agreement that the plaintiff would purchase the automobile at the foreclosure sale for the account of defendant, and would sell same and deduct from the price the cost of the foreclosure proceedings and credit the balance on the note, and that as the automobile had not been sold and the agreement complied with, the action was premature, and defendant further pleaded that, the plaintiff had carried insurance on the automobile protecting it from damages incident to collisions, and that while the automobile was in defendant's possession it had been damaged in a collision, for which plaintiff had collected some amount which should have been credited on the note.

On trial, judgment was rendered in favor of the plaintiff for the amount claimed, less two hundred seven dollars (which it is suggested the plaintiff had collected from the insurance company by reason of the damages sustained by the automobile while in the possession of defendant), and the plaintiff appealed, urging that the court erred in allowing the credit of two hundred seven dollars, while defendant urges that the plea of prematurity filed by him should have been sustained, and plaintiff's suit dismissed.

The defendant carried the burden of proof to establish the defense that the purchase of the automobile at the foreclosure sale was made under the agreement alleged or in effect for his account, and we concur in the finding of the trial court that the evidence offered failed to establish the defense, and, further, we do not find in the record any evidence estab-

lishing that the plaintiff had collected from the insurance company any amount over and above the amount which was paid by the plaintiff through the insurance company for the repairs resulting from the injuries sustained by the automobile from a collision while in the possession of the defendant, and we are of the opinion that the amount paid for said repairs should not have been deducted from the note.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to strike therefrom the credit of two hundred seven dollars, and, as thus amended, the judgment is affirmed.